UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 98-4451

TIMOTHY H. TROTTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-97-33)

Submitted: January 12, 1999

Decided: January 26, 1999

Before ERVIN, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jay T. McCamic, MCCAMIC & MCCAMIC, Wheeling, West Vir-
ginia, for Appellant. William D. Wilmoth, United States Attorney,
Sharon L. Potter, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy H. Trotter appeals from his sentence imposed upon a plea of guilty to conspiracy to structure transactions to evade reporting requirements, in violation of 18 U.S.C. § 371 (1994) and 31 U.S.C. § 5324(a)(3) (1994) (Count I), and securities fraud, in violation of 15 U.S.C. §§ 77q, 77x (1994), and 18 U.S.C.§ 2 (1994) (Count II). We affirm.

Trotter was involved with other individuals, including Fred Garzarek, in a fraudulent investment scheme. Investors were told that their money was needed to fund efforts to free an alleged trillion dollar estate that was being wrongfully held by European banks. The money collected from investors, however, was used for the personal benefit of those promoting the scheme, including Trotter. Trotter and other co-conspirators orchestrated the cashing of investor money orders and cashier's checks at facilities in and around Atlanta, Georgia, in amounts less than $10,000, but aggregating in excess of $10,000, to avoid the financial transaction reporting requirements of 31 U.S.C. § 5313 (1994).

Trotter accepted a written plea agreement, in which the Government agreed to recommend a three-level offense level increase under U.S. Sentencing Guidelines Manual § 3B1.1(b) (1998), for Count II, securities fraud. The presentence investigation report (PSR) also recommended a three-level increase under USSG § 3B1.1(b) for Trotter's role in the offense as to Count II.* Trotter objected and asserted that the three-level enhancement was not warranted because although Trotter did supervise and manage some people, it was not to the extent necessary to support a three-level enhancement under USSG

_____

*The PSR initially recommended a four-level increase under USSG § 3B1.1(a) for Trotter's role in the offense, as a leader or organizer. However, the Government objected to this adjustment on the ground that Trotter was more of a "middle manager" as opposed to a leader or organizer, and thus only a three-level enhancement under USSG § 3B1.1(b) was appropriate. The PSR was subsequently amended to reflect a recommendation of a three-level adjustment under § 3B1.1(b).

2

§ 3B1.1(b). The district court applied the three-level enhancement, and imposed a sentence of twenty-seven months' imprisonment.

We review the district court's "role in the offense" adjustment for clear error. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997). The evidence shows that Trotter and Garzarek raised funds for the scheme through approximately twenty "coordinators." The coordinators solicited and collected funds from investors, and these monies were deposited into various bank accounts and disbursed at the direction of Trotter and others. Trotter acted as the conduit through which the coordinators funneled money to Garzarek and others. As such, he was a major solicitor of funds for the scheme and supervised the manner in which the coordinators funneled their monies into his bank accounts.

At the sentencing hearing, counsel admitted that Trotter did act as a manager and did have supervision over some people, but not over all of the coordinators. However, the evidence shows that Trotter managed or supervised the activities of at least one other person in the scheme, which scheme involved five or more participants. Accordingly, the district court's application of a three-level adjustment under USSG § 3B1.1(b) was not clearly erroneous. See USSG § 3B1.1(b), comment. (n.2); United States v. Brown, 147 F.3d 477, 485-86 (6th Cir. ), cert. denied, 119 S.Ct. 270 (1998); United States v. Payne, 63 F.3d 1200, 1212 (2d Cir. 1995); United States v. Capers, 61 F.3d 1100, 1108-09 (4th Cir. 1995).

We therefore affirm Trotter's sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3